**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-40247

(Summary Calendar)

_____

DELIA G. LOPEZ, Individually and as
Representative of the Estate of  Rogelio G.
Lopez, Deceased; ROGELIO LOPEZ, JR.;
ALEIDA L. LUERA; CELOTILDE L.
MOLINA; JOSE L. LOPEZ; SAN
JUANA LOPEZ; YOLANDA
MALDONADO, Individually and as
Representative of the Estate of David G.
Maldonado, Deceased; ROMEO D.
MALDONADO; OMAR MALDONADO;
DELEEN MISELL, Individually and as
Representative of the Estate of David H.
Misell, Deceased; DAVID R. MISELL;
DEVON MISELL; CLARICE TIPTON,
Individually and as Representative of the
Estate of Rudolph V. Tipton, Deceased;
RILEY L. TIPTON; SYBIL D. TIPTON;
JIMMY L. TIPTON; MARY M. TIPTON
PRICE; JEANNE M. TIPTON; JULIA
WADE, Individually and as Representative
of the Estate of Richard U. Wade; MARY
LOU GALVAN, Individually and as
Representative of the Estate of Apolinar
Quintanilla, Sr., Deceased; APOLINAR
QUINTANILLA, JR.; MARTINA WAGES;
 ROSE MARY DIAZ; ALICE GARZA; CARLOS
QUINTANILLA; ISMAEL QUINTANILLA;
JANIE LEE GONZALEZ; NELDA JEAN
QUINTANILLA; MARGARITO QUINTANILLA;
GILBERT QUINTANILLA,

                         Plaintiffs-Appellants,

versus

R. J. REYNOLDS TOBACCO
COMPANY,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas
DC No. C-98-543

---

June 26, 2000

Before JOLLY, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Appellants Delia G. Lopez et al. ("plaintiffs") appeal from the district court's dismissal under

Fed. R. Civ. P. 12(c) of their claims against Appellee R.J. Reynolds Tobacco Company ("R.J.

Reynolds") for civil assault under Tex. Penal Code Ann. § 22.01(a). The district court found that

plaintiffs' claims were barred by Tex. Civ. Prac. & Rem. Code § 82.004(a). We affirm.

Plaintiffs filed this suit for injuries related to smoking cigarettes produced and marketed by

R.J. Reynolds. Plaintiffs claim that R.J. Reynolds committed a civil assault under Texas law by

producing and selling cigarettes. In particular, their amended complaint claims that R.J. Reynolds

knowingly undertook to cause "nicotine addiction" in Americans, including plaintiffs, and by addicting

them to nicotine intentionally, knowingly, or recklessly caused them bodily injury. The district court

found that plaintiffs' claims are barred by § 82.004 of the Texas Civil Practice and

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

Remedies Code which relieves manufacturers and sellers of "inherently unsafe" products, including tobacco, from liability in products liability actions. Adopted in 1993, § 82.004(a) reads:

> In a products liability action, a manufacturer or seller shall not be liable if:
> (1) the product is inherently unsafe and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community; and
> (2) the product is a common consumer product intended for personal consumption, such as . . . tobacco.

Tex. Civ. Prac. and Rem Code § 82.004(a).[1]

Adopted at the same time, § 82.001(2) defines a products liability action:

> "Products liability action" means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product where the action is based in strict tort liability, strict products liability, negligence, mis-representation, breach of express or implied warranty, or any other theory or combination of theories.

*Id.* § 82.001(2).

Plaintiffs raise several challenges to the district court's decision that their lawsuit was precluded by § 82.004. We consider these challenges in turn.

Plaintiffs first claim that § 82.004 does not apply because their claims are predicated on the addictive nature of nicotine contained in cigarettes and the addictive nature of cigarettes is not "common knowledge," as required by the Code. We expressly considered and rejected this argument in *Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486, 490-91 (5th Cir. 1999). We held that "the only requirement of § 82.004(a) as to common knowledge is that the product be 'known to be unsafe.'" *Id.* at 490. We found that this test was satisfied as a matter of law as to tobacco. *Id.* (citing *Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 172 (5th Cir. 1996); *American Tobacco Co., Inc. v.*

---

[1] Only actions based on manufacturing defects or breach of express warranties are exempted from the § 82.004(a) bar. *See id.* § 82.004(b).

*Grinnell*, 951 S.W. 2d 420, 429 (Tex. 1997)).  Therefore, even though Sanchez's claims were based on the addictive effect of tobacco, *see Sanchez*, 187 F.3d at 490, § 82.004(a) was satisfied.  *See id.* at 491.  *Sanchez* precludes plaintiffs' first argument.

Second, plaintiffs claim that the § 82.004 bar is inapplicable to the present suit because plaintiffs' claims do not require proof of a product defect.  This argument was rejected in the so-called *Hulsey* cases, which we affirmed after oral argument.  *See Hulsey v. American Brands, Inc.*, 1997 WL 271755 (S.D.Tex. 1997), *aff'd*, 139 F.3d 898 (5th Cir.) (unpublished), *cert. denied*, 525 U.S. 868 (1998);  *Oglesby v. American Brands, Inc.*, 1997 WL 881214 (S.D.Tex. 1997), *aff'd*, 139 F.3d 898 (5th Cir.) (unpublished), *cert. denied*, 525 U.S. 868 (1998); *Whirley v. American Brands, Inc.*, 1997 WL 881215 (S.D.Tex. 1997), *aff'd*, 139 F.3d 898 (5th Cir.) (unpublished), *cert. denied*, 525 U.S. 868 (1998).  Seeking to recover for injuries sustained smoking cigarettes, the *Hulsey* plaintiffs asserted that American Brands knew that nicotine causes addiction in persons who use tobacco products and concealed this knowledge intentionally, knowingly, recklessly, maliciously, fraudulently, negligently, grossly negligently, and *assaultingly.  See Hulsey,* 1997 WL 271755, at *1. The district court found that these claims were barred under § 82.004 and expressly rejected the claim that § 82.004 did not apply because the plaintiffs' claims were not predicated on a product defect. *See id.* at *5.  It noted that the plaintiffs sought to recover for injuries sustained as a result of the undisclosed addictive nature of cigarettes, and found that this was the type of claim intended to be covered by § 82.001(2) and § 82.004.  *See id.*  Here, as in the *Hulsey* cases, plaintiffs seek to recover damages for personal injuries sustained as a result of the addictive properties of nicotine.  We are persuaded by *Hulsey*'s reasoning and decline to find § 82.004 inapplicable because civil assault claims are not predicated on the existence of a product defect.

Third, plaintiffs claim that § 82.004(a) does not apply to their actions because it applies only to "products liability" claims, and their claim is for assault. In *Sanchez*, plaintiff raised claims of fraud, conspiracy, and violation of the Texas Deceptive Trade Practices Act, and claimed that these were not "product liability claims" subject to § 82.004. *See Sanchez*, 187 F.3d at 491. We found that, while *Sanchez*'s claims might not be "traditional" products liability claims, "the definition in § 82.001(2) plainly forecloses this argument." *Id.* We noted that "products liability action" as defined in § 82.001(2) includes any action arising out of personal injury or death from a defective product regardless of the theory or combination of theories under which the claim is brought. *See id.* (citing § 82.001(2)). Because Sanchez's claims arose from his allegedly wrongful death caused by smoking cigarettes, "all theories of recovery asserted by the Sanchez Family are covered, with the exceptions of manufacturing defect and breach of warranty." *Id.* (citing § 82.004(b)). As in *Sanchez*, Plaintiffs' claims here arise out of personal injuries allegedly caused by smoking addictive cigarettes. *Sanchez* clearly implies that such claims are covered by § 82.004 regardless of how they are pled, and we are persuaded that this was the intent of the broad definition of "products liability claim" contained in § 82.001(2). *See also Hulsey*, 1997 WL 881214 at *5 (also finding claims for injuries sustained as a result of addictive properties of cigarettes to be "products liability" claims under § 82.001(2)). Therefore, plaintiffs' third argument is without merit.[2]

Fourth, plaintiffs claim that it is contrary to the public policy of Texas to create immunity under § 82.004(a) when doing so has the effect of rewarding or condoning the commission of an

---

[2] Citing approximately twenty-nine cases, R.J. Reynolds notes that district courts within the Fifth Circuit have uniformly found claims for personal injury or death based on cigarette smoking, however pled, to be barred by § 82.004, except for the manufacturing defect and breach of express warranty claims listed in § 82.004(b).

offense defined as a crime in Penal Code § 22.01(a)(1).  The cases cited by plaintiffs are inapposite, as they involve situations in which a criminal sought aid from the courts in obtaining a financial benefit.  Here, R.J. Reynolds does not seek damages; plaintiffs seek that the court grant damages against R.J. Reynolds.  At any rate, § 82.004 itself represents the public policy chosen by the Texas legislature.  Based on prior cases dealing with substantively identical facts, we are persuaded that it intends to preclude plaintiffs' claims, and therefore decline plaintiffs' suggestion that, based on their creative pleading, § 22.01 provides a public policy sufficient to preclude application of §  82.004(a) here.

Finding plaintiffs' arguments to be without merit, we AFFIRM the take-nothing final judgment entered by the district court.[3]

---

[3]     As in *Sanchez*, because we find that Texas state law (§ 82004(a)) precludes plaintiffs' suit, we need not address R.J. Reynolds's federal preemption argument.  *See Sanchez*, 187 F.3d at 491.